**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Fadeel Shuhaiber, (A209957429), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **Case No. 20 C 50308** |
| v. | ) | |
| | ) | **Hon. Rebecca R. Pallmeyer** |
| | ) | |
| Daniel Sitke, McHenry County | ) | |
| Detention Center, and Adam Saracco, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Respondent shall answer or otherwise respond to the habeas corpus petition [1] by October 29, 2020. Petitioner shall reply by November 19, 2020. The Clerk is instructed to: (1) update the docket to reflect that Respondent is Daniel Sitkie, Chief of Corrections, McHenry County Jail; (2) terminate Respondents McHenry County Detention Center and Adam Saracco; and, (3) send a copy of this order to Tom Walsh, Chief, Civil Division, U.S. Attorney's Office for the Northern District of Illinois.

## STATEMENT

Petitioner Fadeel Shuhaiber, an immigration detainee at the McHenry County Jail in the custody of U.S. Immigration and Customs Enforcement, brings this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241 seeking immediate release. He alleges he suffers various medical conditions exposing him to an unnecessary risk in light of the presence of COVID-19 at the Jail. Shuhaiber has not alleged that he has contracted COVID-19, only that he is at greater risk due to his preexisting medical conditions. Plaintiff has paid the filing fee, and his petition is before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] ([1].) That Rule requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that Petitioner is not entitled to relief.

Although Petitioner brings a challenge to the conditions of his confinement, "[c]ourts across the country addressing similar claims of civil immigration detainees during the COVID-19 pandemic have found that such a claim can proceed in a habeas corpus proceeding." *Ruderman v. Kolitwenzew*, __ F. Supp. 3d __, No. 20 C 2082, 2020 WL 2449758, at *7 (C.D. Ill. May 12, 2020), *appeal filed*, No. 20-2312 (7th Cir. July 20, 2020) (collecting cases); *see also Mays v. Dart*, __ F.3d __, No. 20-1792, 2020 WL 5361651, at *3 (7th Cir. Sept. 8, 2020) (challenge by pretrial detainees at the Cook County Jail proceeding under both 42 U.S.C. § 1983 and 28 U.S.C. § 2241). Moreover, some of these courts have afforded immigration detainees relief for COVID-19 related claims under similar circumstances. *See Ochoa v. Kolitwenzew*, __ F. Supp. 3d __,

---

1 Although this case is brought under 28 U.S.C. § 2241, the court applies the Rules Governing Section 2254 Cases in the United States District Courts to the instant action. *See* Rule 1(b) (allowing application of rules to non § 2254 habeas corpus cases); *Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005).

No. 20 C 2135, 2020 WL 2850706, at *10-*12 (C.D. Ill. June 2, 2020) (collecting cases).  The court directs Respondent to answer or otherwise respond to the petition, without prejudice to assertion of any relevant affirmative defenses.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.   Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded.

ENTER:

Date:   September 25, 2020

REBECCA R. PALLMEYER
United States District Judge